# EXHIBIT 12

[Default Letter]

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545

troutman.com

**troutman**
**pepper**

**Jennifer A. Bojorquez**
jennifer.bojorquez@troutman.com

July 30, 2020

**VIA EMAIL and FEDEX**

Homestate Asset Management, LLC
24 Maple Street
Marcellus, NY 13108
Attn: Thomas Masaschi
Email: tmasaschi@dhdventures.com

Dr. Daniel Elstein
24 Maple St
Marcellus, NY 13108
Email: drdelstein@aol.com

Re: $22,800,000.00 mortgage loan ("**Loan**") to Homestate Asset Management, LLC ("**Borrower**") held by U.S. Bank National Association, as Trustee for the benefit of Holders of Banc of America Merrill Lynch Commercial Mortgage Inc., Multifamily Mortgage Pass-Through Certificates, Series 2016-KX02 ("**Lender**"), on behalf of Lender, secured by 111 East Avenue, 101-129 East Avenue, Rochester, NY 14604 (the "**Mortgaged Property**")

Dear Mr. Masaschi and Dr. Elstein:

As you are aware, servicing of the Loan has been transferred to KeyBank, National Association ("**KeyBank**" or "**Special Servicer**") as Special Servicer on behalf of Lender. Troutman Pepper Hamilton Sanders LLP is representing KeyBank in connection with the Loan. Capitalized terms used herein shall have the meanings ascribed to such terms in that certain Multifamily Loan and Security Agreement dated as of February 27, 2015 (the "**Loan Agreement**") by and between Borrower and Arbor Agency Lending, LLC.

As Lender has previously notified Borrower, the Transfer, in part, of management rights in DHD Ventures Capital, LLC, the sole member of Borrower, to Daniel Elstein pursuant to that certain Assignment of Membership Interest dated as of November 1, 2018, violates Section 7.02(d) of the Loan Agreement. Such provision prohibits the Transfer of any manager interest in Borrower or any Designated Entity for Transfers without Lender's prior written consent. DHD Ventures Capital, LLC is identified as a Designated Entity for Transfers under the Loan Agreement. The

Homestate Asset Management
Dr. Daniel Elstein
July 30, 2020
Page 2



---

violation of Section 7.02(d) of the Loan Agreement constitutes an Event of Default under the Loan Agreement.

To date, Borrower has failed to satisfy the provisions of Section 7.05 of the Loan Agreement, which sets forth the conditions precedent to Lender's approval of a prohibited Transfer, and has otherwise failed to cure the Event of Default caused by the prohibited Transfer. Accordingly, Lender hereby demands payment to Lender of the Transfer Fee set forth in Section 7.05 of the Loan Agreement within ten (10) days from the date hereof. Per Article XII the Loan Agreement, the Transfer Fee is equal to 1% of the unpaid principal balance of the Loan.

Any failure of Lender to immediately exercise its rights and remedies under the Loan Documents shall not be deemed to constitute a cure or waiver of any breach by Borrower or the agreement of Lender to forbear from exercising any of its rights as a result thereof or be deemed to constitute a modification or alteration of the terms, conditions or covenants of the Loan Documents, all of which remain in full force and effect. Lender reserves the right to take such action, at such times, as Lender, in its sole and absolute discretion, deems necessary or appropriate to protect its interests under the Loan Documents. **ALL RIGHTS ARE HEREBY EXPRESSLY RESERVED**.

If you have any questions, please contact me or Dustin Johnson of KeyBank at 913-317-4506 or dustin_johnson@keybank.com.

Very truly yours,

*Jennifer A. Bojorquez* (signature)

Jennifer A. Bojorquez

Cc: Dustin Johnson, KeyBank, National Association (via email (dustin_johnson@keybank.com))
Nicholas B. Davis, Esq., Davidson Fink (via email (ndavis@davidsonfink.com)) and FedEx
Corinne Knupp, Elstein Group (via email (cknupp@elsteingroup.com) and FedEx)